UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| SHALIMAR ACOSTA, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    -against-<br><br>Hopper (USA), Inc.<br><br>        Defendant. | Case No. 1:22-cv-03974<br><br>Hon. Sara L. Ellis |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff Shalimar Acosta's opposition to Defendant's motion to dismiss the Complaint asks this Court to ignore the factual assertions related to this actual Plaintiff, and instead allow her claim to proceed on the basis that some other hypothetical plaintiff might have been misled or confused by Hopper's Price Freeze product. Plaintiff misunderstands the law.

Plaintiff's opposition acknowledges, as she must, that "Defendant may be correct that the *How Price Freeze Works* screen explains that if the flight price increases, Hopper covers the cost of the price increase only up to $100 per traveler." Opposition, p. 3 (internal quotations omitted). Indeed, Plaintiff's Complaint alleges that she viewed that screen as part of her interaction[1] with the Hopper app. Complaint, Dkt. No. 1, ¶¶ 19-22. Undaunted, however, Plaintiff alleges that other hypothetical users of the Hopper app may *not* have viewed the screens that she saw. Opposition, p. 3 ("nothing about the user interface indicates that consumers will actually view

---

[1] As explained below, Plaintiff still does not allege that she actually purchased a Price Freeze product.

1

FH11272584.3

these disclaimers"). Plaintiff goes on to cite hearsay evidence allegedly posted by users of the Hopper app on third-party product review sites such as TripAdvisor and the Better Business Bureau. None of those alleged users have asserted a claim in this action, or any other action, against Hopper.

Plaintiff's Complaint alleging that someone, somewhere, at some time, might have been confused by Hopper's Price Freeze product because they did not see the clear disclosure that the Plaintiff saw, is insufficient on its face to state a claim for relief in this action.

Allegations of deceptiveness of the claim and the reasonableness of a consumer's interpretation must be viewed in light of all of the available information on the client's website. To meet the *Iqbal* standard on a claim under ICFA, a plaintiff must "allege conduct that plausibly could deceive a reasonable consumer." *Hayes v. Gen. Mills, Inc.*, No. 19-cv-05626, 2021 WL 3207749, at *5 (N.D. Ill. July 29, 2021); *see also Phillips v. DePaul Univ.*, 2014 IL App (1st) 122817, 19 N.E.3d 1019, 1031 (Ill. App. Ct. 2014). Under this "reasonable consumer" standard, the allegedly deceptive act must be looked upon in light of the totality of the information made available to the plaintiff." *Hayes*, 2021 WL 3207749, at *5 (quoting *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 884 (7th Cir. 2005)). The reasonable consumer standard "requires a probability that a significant portion of the general consuming public or targeted consumers, acting reasonably under the circumstances, could be misled. Relevant circumstances include 'all the information available to consumers and the context in which that information is provided and used.'" *Cristia v. Trader Joe's Co.*, No. 22 CV 1788, 2022 U.S. Dist. LEXIS 222194, at *10 (N.D. Ill. Dec. 9, 2022) (citing *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646) (7th Cir. 2019) and *Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 474-75

2

FH11272584.3

(7th Cir. 2020). The relevant circumstances here include, as alleged by Plaintiff, a clear "up to $100" disclaimer, which Plaintiff herself acknowledges she saw. Complaint, Dkt. No. 1, ¶¶ 19-22. Under the relevant reasonable consumer standard, there is no deception on Hopper's website.

Moreover, Plaintiff's opposition to the motion to dismiss also fails to identify any allegation that Plaintiff actually purchased Hopper's Price Freeze product. Plaintiff continues to rely on the hedged allegation that Plaintiff "paid for flights *and/or* Price Freeze." Opposition, p. 5-6. Plaintiff's non-committal response is insufficient to sustain a claim for relief at this stage. If Plaintiff did indeed purchase the product (and Defendant has no record of any such purchase), then Plaintiff could and should have included the allegation in her pleading, or in an amendment thereto. Plaintiff has not requested leave to amend.

For the foregoing reasons, and for the reasons set forth in Defendant's motion and memorandum of law, Defendant respectfully requests that this Court dismiss with prejudice all counts of the Complaint filed by the Plaintiff in this action.

Dated: January 27, 2023　　　　　　　　　　HOPPER (USA), INC.

　　　　　　　　　　　　　　　　　　　　　Brian C. Carroll, *pro hac vice application forthcoming*
　　　　　　　　　　　　　　　　　　　　　bcarroll@hopper.com
　　　　　　　　　　　　　　　　　　　　　HOPPER (USA), INC.
　　　　　　　　　　　　　　　　　　　　　265 Franklin Street
　　　　　　　　　　　　　　　　　　　　　Boston, Massachusetts, 02110
　　　　　　　　　　　　　　　　　　　　　Tel: (617) 233-4167

　　　　　　　　　　　　　　　　　　　　　FOLEY HOAG LLP

FH11272584.3

August T. Horvath 2833234
*ahorvath@foleyhoag.com*
FOLEY HOAG LLP
1301 Sixth Avenue, 25th Floor
New York, New York 10019
Tel: (212) 812-0344

*Attorneys for Defendant Hopper (USA), Inc.*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on this 27th day of January 2023, a true and correct copy of the foregoing document has been served on counsel of record who are deemed to have consented to electronic service via electronic mail.

                                               */s/ August T. Horvath*
                                               August T. Horvath

FH11272584.3